**SHING JIANG LUI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–5266–ag.

United States Court of Appeals, Second Circuit.

June 27, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio; Robert J. Becker, Assistant United States Attorney, Akron, OH, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Shing Jiang Lui, a native and citizen of the People's Republic of China, seeks review of an October 24, 2006 order of the BIA denying his motion to reopen his exclusion proceedings. *In re Shing Jiang Lui, a.k.a. Masato Kanda,* No. A 72 473 440 (B.I.A. Oct. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

While an alien is generally limited to one motion to reopen exclusion or deportation proceedings, 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2), and that motion

must be filed within ninety days of the final administrative decision, 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), a motion that does not comply with these time and numerical limitations may be brought where the alien can establish "changed country conditions arising in the country of nationality" 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). A motion to reopen in order to apply for asylum based on changed country conditions must be based on evidence that is material and was unavailable at the previous proceeding. 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(1), (4)(i).

Here, Lui conceded that he had exceeded the time and numerical limitations for motions to reopen. Nonetheless, the BIA abused its discretion in denying his motion to reopen exclusion proceedings when it failed to address documents that were "unquestionably" material to his claim of changed country conditions. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (remanding a case to the BIA for further consideration of materials it had overlooked in its denial of a motion to reopen when they indicated that foreign-born children would be counted in determining violations of China's one-child policy). Most critically, the BIA did not comment on the letter from the Changle City Tantou Town Xixin Villager Committee which acknowledged that Lui had four children in his family and stated that he would be subject to sterilization in China. The BIA neglected to consider whether the villager committee's awareness of Lui's children and plans to subject Lui to the family planning policy was a change in country conditions.[1]

On remand, the BIA should consider the letter from the villager committee, and any other material evidence Lui presents to the BIA to determine if Lui has established changed country conditions, thereby exempting him from the time and numerical limitations for the filing of motions to reopen.[2]

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. The petitioner's motion for stay of removal is GRANTED.

---

1. In denying Lui's motion, the BIA's reliance on *Matter of C–C–,* 23 I. & N. Dec. 899, 901–03 (BIA 2006), was misguided. In that case, the evidence submitted with the alien's motion and the relevant country conditions reports did not indicate that Chinese nationals returning to Zhenjiang Province with foreign-born children had been subjected to forced sterilization. *Id.*

2. Because we hold that the BIA abused its discretion in denying Lui's motion to reopen, we need not reach his arguments regarding the filing of successive asylum applications.